IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CT-3147-BO

| | | |
|---|---|---|
| JOSHUA LEE BLACKWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KIMBERLY WYNN, | ) | |
| | ) | |
| Defendant. | ) | |

The matter comes before the court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 19). Also before the court are plaintiff's motion captioned "Motion to Review" (DE 25) and motion for injunctive relief (DE 26). In this posture, the issues raised are ripe for adjudication.

## BACKGROUND

On November 1, 2018, plaintiff filed an amended complaint asserting defendant Kimberly Wynn ("defendants") acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. Specifically, plaintiff alleged he has entered the "fibrosis stage" of Hepatis-C, and is not being provided treatment. (Am. Compl. p. 6). Plaintiff stated that defendant is aware of his condition because she monitors his blood work. Id. Defendants subsequently moved to dismiss, arguing that plaintiff failed to state a claim upon which relief may be granted. Plaintiff responded, and clarified that defendant has denied plaintiff treatment

for Hepatitis-C, despite knowing that plaintiff has suffered Hepatitis-C related liver damage. (Pl. Resp. (DE 22), pp. 1-3). Defendant replied.

## DISCUSSION

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [plaintiff]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

Here, plaintiff alleged that defendant, a physician assistant, refuses to provide plaintiff treatment for Hepatitis-C, despite knowing that plaintiff is suffering Hepatitis-C related liver damage. Liberally construing plaintiff's allegations, as the court must at this stage in the proceedings, the court finds that plaintiff states an Eighth Amendment claim against defendants. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed.") (internal quotation and citation omitted); Estelle v. Gamble, 429 U.S. 97, 104–05 (1976)

(finding that a prisoner may make a showing of deliberate indifference by alleging that defendants were "intentionally denying or delaying access to medical care."); see also, Gordon v. Schiling, No. 17-7298, 2019 WL 4179813 (4th Cir. Sept. 4, 2019). Thus, defendant's motion to dismiss is DENIED.

The court next considers plaintiff's motion for injunctive relief. Specifically, plaintiff requests that the court order prison officials to "give him the cure for Hepatitis C." ((DE 26), p. 2). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

In this case, plaintiff failed to demonstrate that he likely is to succeed on the merits, and has not alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. See Buffkin v. Hooks, No. 1:18CV502, 2019 WL 1282785, at *5 (M.D.N.C. Mar. 20, 2019); Taylor v. Wexford Health Sources Inc., No. 5:17cv173, 2018 WL 4761621, at *4 (N.D.W. Va. July 30, 2018). Further, the public interest is best served if courts do not get involved with the daily operations of a prison, especially prior to the finding of a constitutional violation. See Florence v. Board of Chosen Freeholders of County of Burlington, 566 U.S. 318, 328 (2012). Accordingly, plaintiff has not demonstrated that his request for injunctive relief is in the public interest, and the balance of equities is in favor of defendant. Thus, plaintiff's motion is DENIED.

## CONCLUSION

Based upon the foregoing, plaintiff's motion for injunctive relief (DE 26) and defendant's motion to dismiss (DE 19) are DENIED. The court, additionally, DENIES as PREMATURE plaintiff's pleading captioned "Motion to Review" (DE 25) as plaintiff requests discovery, but the court has not yet issued a scheduling order. The Clerk of Court is DIRECTED to refer this action to United States Magistrate Judge Robert B. Jones, Jr. for the issuance of a scheduling order.

SO ORDERED, this the _10_ day of October, 2019.

_Terrence Boyle_
TERRENCE W. BOYLE
Chief United States District Judge